Devin H. Fok, Esq. (SBN 256599)
devin@devinfoklaw.com
Joshua Kim, Esq. (SBN 257260)
joshua@devinfoklaw.com
**DHF LAW, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Tel.:   (888) 651-6411
Fax:   (818) 484-2023

Attorneys for Plaintiff
LISA DIANNE MCKENNEY, as an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| LISA DIANNE MCKENNEY, as an individual<br><br>Plaintiff(s),<br><br>v.<br><br>PRECHECK, INC.; and DOES 1 TO 10, Inclusive<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff LISA DIANNE MCKENNEY (hereafter as "Plaintiff") hereby files her Complaint for Damages and Demand for a Jury Trial against Defendant PRECHECK, INC.; (hereafter "Defendant") and DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

### **NATURE OF THE ACTION**

1. Defendant is a company that offers license management, employment verification, drug testing services, and healthcare-specific background screening.

2. Before July 3, 2023, Plaintiff submitted an application for employment to Methodist Healthcare System San Antonio ("MHS").

3. In connection with Plaintiff's application, MHS procured a background screening report ("Report") on Plaintiff from Defendant.

4. The Report disclosed outdated criminal history on Plaintiff.

5. Specifically, Defendant disclosed a Driving Under the Influence ("DUI") charge against Plaintiff that was previously expunged.

6. Under the Fair Credit Reporting Act ("**FCRA**" 15 USC §1681 et seq.) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported. Failing to report up to date information regarding criminal history is a clear violation of this statute.

7. Plaintiff provided documentation to MHS of the expungement for the DUI charge, as well documentation that the Texas Board of Nursing had not taken action against her despite the DUI charge.

8. As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with MHS.

9. Defendant did not have defined processes to verify the accuracy of the public records information provided.

10. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of employment.

11. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

### THE PARTIES

12. Plaintiff is an individual and resident of Carmichael, California.

13. Defendant is a consumer reporting agency within the meaning of the Fair Credit Reporting Act ("**FCRA**" 15 U.S. Code §1681 et seq.) 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

14. Defendant is headquartered at 2500 E T.C. Jester Blvd., Suite 600, Houston, Texas 77008.

15. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

16. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

17. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### [Violation of 15 USC §1681(e)(b)]

18. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

19. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing outdated information.

20. Defendant's conduct was willful and/or reckless because it knew that its failure to report updated information regarding criminal records is insufficient to ensure maximum possible accuracy of the criminal history information reported.

21. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

22. Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

### SECOND CAUSE OF ACTION

### [Violation of 15 U.S.C. § 1681k(a)(2)]

23. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

24. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly failed to use strict procedures to ensure the reported information is complete and up to date despite knowing that the erroneous public record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a)(2).

25. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

26. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA;

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit;

f. For injunctive relief as applicable; and

g. For such other orders of the Court and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

Dated: July 3, 2025                              DHF LAW, P.C.

By_____
Devin H. Fok, Esq.
Joshua Kim, Esq.
Attorneys for Plaintiff
LISA DIANNE MCKENNEY, as an individual

4
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL